The opinion of the Court was delivered by
Gibson J.
The defendants below endeavoui'ed to impeach the validity of the alleged will, by evidence of the imbecility of the testator, and practice and fraudulent misrepresentation on the part of Henry, his son and principal devisee. To prove this, they gave evidence, which, if true, shewed the testator was not only a weak old man, but also under the absolute controul of Henry ; and that the chief, if not the only cause of his displeasure towards his son Michael, whom he almost entirely disinherited, was the supposed extravagance and unthrifty conduct of his wife. They gave evidence of repeated representations to the testator by Henry, tending to impress on his mind a belief, that any thing he might give to Michael, would be squandered away by his wife and family; that she kept her liquors, and dissipated her husband’s estate in parties, and carousing with an “ ordinary fry,” as the witness expressed it; and, that what he did not spend she dissipated in running up bills with shop-keepers j and that she was as bad a woman as any in Lancaster. The defendants then offered evidence of her general good character and behaviour. From this statement, it is impossible not to see, at a glance, that the evidence was improperly rejected. If the inquiry had been limited only to the sanity of the testator, it would not have been admissible; but as fraudulent mis-representation, by the principal devisee, was one ground of objection urged against the will, and as evidence was given of communications to the testator, that, in the nature of things, must have been prejudicial to the claims and expectations of Michael, it certainly was competent to the defendants to shew, that the facts communicated were untrue, and *209 that the testator had been deceived. This is not denied ; but the counsel insist, it could not be shewn by evidence of general character; and this, on the authority of Bull. N. P. 296, where it is said, that in‘ejectment to set aside a will for fraud and imposition, the charge cannot be repelled by evidence of good character. That is a very different case, for the evidence there did not meet the charge; as a man having a good character may commit a fraud, and there was no allegation of a bad general character. But here the accusation was not of any thing specific, but of a course of conduct that was not only immoral, but, in public estimation, disgraceful ; for no woman may keep her liquors, associate with unworthy companions, and, notwithstanding what the world may think, ruin her husband by dissipation, and yet have a claim to good character and good behaviour. Of conduct such as this, she had been accused to the testator, and the defendants ought to have had an opportunity of proving the accusation false by shewing she had behaved herself well. It is not our business to say, what weight the evidence ought to have ; it is sufficient at present to say it should have been heard.
Judgment reversed, and a venire facias de novo awarded.